**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **THE STURGE-WEBER-FOUNDATION**<br>    1240 Sussex Turnpike, Ste. A<br>    Randolph, NJ 07869<br><br>        **Plaintiff,**<br><br>    -v-<br><br>**LINDA M. SPRINGER**<br>in her official capacity as<br>Director of the United States Office<br>of Personnel Management<br>    1900 E Street, N.W.<br>    Washington, D.C. 20415-0001,<br><br>        **Defendant.** | Civil Action No._____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, the Sturge-Weber Foundation ("SWF") by and through undersigned counsel, respectfully presents this action to declare unlawful and enjoin certain actions of defendant Linda M. Springer ("Springer"), in her official capacity as Director of the United States Office of Personnel Management ("OPM") and others acting under her authority (hereinafter "defendant" shall be deemed to include persons acting under her authority) with regard to the interpretation of regulations related to the Combined Federal Campaign ("CFC") as it applies to plaintiff. Specifically, as set forth in the averments below, defendant acted without authority and arbitrarily to deny the application of plaintiff, for inclusion as an eligible organization in the 2006 CFC. The actions by defendant violate 5 C.F.R. Part 950, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 500-706, and the First Amendment.

**Jurisdiction and Venue**

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (United States as defendant), 28 U.S.C. § 1361 (writ of mandamus), and 5 U.S.C. §§ 701-706 (APA).

2. The injunctive and declaratory relief sought herein is authorized in actions arising under the statutes cited above as well as by 28 U.S.C. § 2201 (declaratory relief) and 28 U.S.C. § 2202 (injunctive relief).

3. Venue is proper in this court pursuant to 28 U.S.C. § 1391(e) because the defendant, in her official capacity, resides in this district and all of the actions and omissions complained of herein occurred in this district.

**Parties**

4. The plaintiff, the Sturge-Weber Foundation ("SWF") is a non-profit corporation, incorporated in the United States in 1987, which maintains its principal office at the address listed in the caption. SWF has been accorded tax-exempt status by the Internal Revenue Service as a charitable organization within the meaning of Internal Revenue Code § 501(c)(3).

5. SWF exists to serve individuals with Port Wine Stains, Sturge-Weber Syndrome, and Klippel-Trenaunay Syndrome. Its mission is to provide education and support for these individuals and facilitate the necessary research to discover improved treatments and a cure. To accomplish these goals, SWF engages in a variety of educational and supportive programs and provides funding for research.

6. Defendant is the director of the OPM, an agency of the executive branch of the government of the United States. OPM is charged with, *inter alia*, interpreting regulations (5 C.F.R. Part 950) governing the solicitation of federal civilian employees, postal employees, and

uniformed service personnel for contributions (*via* voluntary payroll deductions and otherwise) to charitable organizations. This procedure is referred to as the "Combined Federal Campaign" ("CFC").

**Background**

7.      Health and Medical Research Charities of America (hereafter referred to as "HMR") is a tax-exempt, federated group which represents charitable organizations that work to improve health, assist care givers and find cures. HMR organizes and prepares its member charities for effective participation in at-work employee charitable fund drives and other types of fund raising activities. HMR engages in fund drive application assistance, reviews and certifies charitable agency eligibility documentation, disseminates information about its member charities to the workplace-giving public, organizes member participation in fund drive promotional educational events, represents its members before fund drive organizing or regulatory authorities, and transmits contributions and contributors' names and addresses to recipient charities. HMR is an Office of Personnel Management approved national federation eligible to participate in the 2006 CFC on behalf of its member organizations.

8.      SWF is a member in good standing of HMR and authorized HMR to represent it before OPM in connection with the 2006 CFC. National federations such as HMR, eligible to participate in the CFC, submit annually to OPM lists of member organizations eligible to participate in the CFC. Individual members of national federations do not submit applications to participate in a particular CFC unless requested to do so by OPM.

9.      These regulations govern, *inter alia,* criteria to be met by charitable organizations which seek to be included in the "National List" of organizations eligible to participate in the

CFC. Organizations must apply (or reapply, as the case may be) each year for inclusion in the CFC on a form developed by OPM. To be included in the CFC, an applicant (in general) must establish that it is a human health and welfare organization which carries out its program activities in 15 or more different states or one foreign country over the three year period immediately preceding the beginning of the CFC campaign year. *See* 5 C.F.R. § 950.202, set forth below.

      10.     OPM promulgated at 5 C.F.R. Part 950 regulations governing, *inter alia*, national list eligibility requirements which pertain to the applications of charitable organizations for inclusion in the CFC. The specific provisions of said regulations at issue are the following:

**§ 950.202 National list eligibility requirements.**

     All organizations seeking national list eligibility must:

> (a) Certify that it [sic] provides or conducts real services, benefits, assistance, or program activities, in 15 or more different states or a foreign country over the 3 year period immediately preceding the start of the year involved. The requirement cannot be met on the sole basis of services provided through an "800" telephone number or by sending materials via the U.S. Postal Service or a combination thereof. A schedule listing those states (minimum 15) or the foreign countries (minimum 1) where the program activities have been provided and a detailed description of the activities in each state or foreign country must be included with the application. While it is not expected that an organization maintain an office in each state or foreign country, a clear showing must be made of the actual services, benefits, assistance or activities provided in each state or foreign country.

**Chronology and Summary of Events**

      11.     On or about January 27, 2006, HMR submitted its list of eligible member organizations certified for participation in the 2006 CFC. SWF was included among the eligible member organizations.

12. In its application, SWF described in detail activities undertaken in more than 15 states, summarized below. *See* Exhibit "A," attached hereto, and included as "Attachment A" to SWF's 2006 CFC Application.

13. In Attachment A to its application, SWF summarized its services, benefits, assistance, and program activities provided or conducted in nineteen states, in part, as follows: community fundraiser/awareness events, speeches, discussions of research, informational events, seminars, dissemination of information about the disease, and training residents.

14. On April 24, 2006, defendant, acting through Mara T. Patermaster, Director, Office of CFC Operations, denied SWF's application because SWF allegedly "did not include sufficient information to support a claim that it provided or conducted real services, benefits, assistance, or program activities in 15 or more states over the three-year period immediately preceding January 2006." *See* Exhibit "B" attached hereto. The letter from Ms. Patermaster afforded SWF an opportunity to file an appeal with Dan G. Blair, Deputy Director of OPM ("Blair").

15. On April 28, 2006, SWF drafted a letter to OPM appealing the denial of SWF's participation in the 2006 CFC. (Exhibit "C" hereto). Karen Ball, the president and CEO of SWF contested that (1) OPM approved a less-detailed application of SWF in 2005 yet denied a more-detailed 2006 application; (2) SWF followed the example application posted on the OPM website in writing its application; and (3) OPM gave to reason for its denial making it impossible for SWF to appeal. This letter was included in HMR's appeal.

16. By letter dated May 3, 2006, Cynthia Schneible, President of HMR appealed the initial denial of SWF's application to participate in the 2006 CFC. *See* Exhibit "D" attached

hereto. Ms. Schneible asserted that OPM conducted an incomplete review of the documentation, that OPM's denial of SWF was based on an inconsistent and arbitrary review of the federation's submitted documentation, and that OPM had approved an application from SWF in 2005 (Exhibit "E" hereto) that contained substantially less detail than the 2006 application.

17.     By letter dated July 17, 2006 (Exhibit "F" hereto), defendant, through OPM Deputy Director Blair, sustained the decision to deny SWF's application. Blair stated in pertinent part:

> The Sturge-Weber Foundation is denied because the description of some of the activities set forth in its Attachment A are not considered to constitute real services, benefits, assistance of program activities. As an example, services claimed in Hawaii are "a local family held yard sale and distributed information." Raising funds may assist the organization to accomplish its mission, but the application fails to demonstrate that the applicant organization provided services or benefits in that state. Mere dissemination of information and publications is not considered a real services and does not meet the national eligibility criteria, which is set forth by regulation at 5 CFR 950.202(a) and are further explained in CFC Memorandum 2004-10. Service in the following states was similarly discounted: Illinois; Louisiana; Utah; Virginia; and Washington. Services claimed in Florida and Wisconsin feature publicity for the organization but do not clearly demonstrate real services provided by the organization. Whether an application has been accepted in a prior year is not relevant to each annual eligibility determination, and particularly so in this case as the 2005 CFC application was not reviewed by OPM but was the subject of a federation certification of eligibility.

18.     OPM's denial of SWF's form of distribution of materials is inconsistent with other approvals by OPM. SWF submitted an application demonstrating activities in nineteen states. OPM denied states in which the activities included dissemination of information. However, the 2005 CFC application of SWF was approved by OPM. In 2005, SWF applied directly to OPM as an unaffiliated applicant and not as a member of a federation. OPM was incorrect in its claim above that SWF's 2005 CFC application was not reviewed by OPM directly. SWF was reviewed and approved by OPM in 2005.

19. On or about July 31, 2006, OPM will have completed the 2006 National/International List of Participating Agencies to be posted on the OPM web site. Sometime shortly after July 31, 2006, OPM will distribute to local combined federal campaigns the National List of charitable organizations included in the 2006 CFC. *See* CFC schedule attached hereto as Exhibit "E." Upon information and belief, after July 31, 2006, the local combined federal campaigns will commence printing brochures for distribution to federal employees. These brochures contain both National List charities and local charities.

20. Despite receiving SWF's appeal on or about May 4, 2006, OPM did not respond until the letter of July 17, 2006, which was sent by regular mail and received on July 24, 2006, shortly before the National List is finalized. This gives SWF only a short period to retain counsel and prepare pleadings, resulting in significant hardship to SWF.

21. If SWF is not included on the National List, it will suffer irreparable injury, including, but not limited to, being deprived of contributions which it otherwise would have received, as well as being deprived of the opportunity to recruit volunteers to support its programs.

### Cause of Action

**(Judicial Review of Agency Action Pursuant to 5 U.S.C. § 701, *et seq*.)**

22. The allegations of paragraphs 1 to 21 are incorporated as though fully set forth here.

23. Defendant has acted without authority and in an arbitrary and capricious manner and in violation of SWF 's First Amendment rights, in interpreting the regulations and applying them to SWF, in the following respects:

    A. Section 950.202 (a) requires the applicant to submit a schedule of a minimum of 15 states or one foreign country where the applicant conducts "real services, benefits, assistance or program activities." The applicant is required to demonstrate that it provides "actual services, benefits, assistance or activities" in these states or in one or more foreign countries. An applicant is not required to maintain an office in each state or foreign country where it conducts its activities. Neither "real services, benefits, assistance or program activities" nor "actual services, benefits, assistance or activities" is defined in the regulations and such terms are vague and lack the necessary specificity in violation of the First Amendment.

    B. In spite of the constitutional infirmity of § 950.202(a), SWF complied with the requirements of this regulation. SWF set forth in Attachment A to its application the actual services, benefits, assistance, and activities it carried out in nineteen (19) states during the three year period preceding the submission of its application. (*See* ¶ 13 above.) SWF exists to serve individuals with Port Wine Stains, Sturge-Weber Syndrom, and Klippel-Trenaunay Syndrome. Its mission is to provide education and support for these individuals and facilitate the necessary research to discover improved treatments and a cure. Attachment A clearly identified those states where SWF provided or conducted actual services, benefits, assistance, and activities and the years when such services or benefits were provided. These disclosures constitute a clear showing of "actual services, benefits, assistance or activities provided."

    C. OPM reviewed SWF's application in 2005 as well as 2006. In its 2005 CFC application submitted to defendant, SWF attached information with regard to its activities which were substantially less in detail than the activities detailed in its 2006 application. During 2005, SWF was not affiliated with HMR and filed an application directly with OPM. Its

application was approved by OPM in 2005. In 2006, at HMR's request, SWF submitted additional information to its 2005 application, which was then approved by HMR. OPM accepted a less detailed application from SWF in 2005, yet arbitrarily denied SWF's 2006 CFC application which included substantially greater descriptions of services. OPM incorrectly asserted that it did not review SWF's 2005 CFC application, when, in fact, it did.

    D. By not detailing the reasons for its denial of SWF's 2006 CFC application, the defendant has effectively denied SWF an adequate appeal process. SWF was denied its due process appeal rights under 5 C.F.R. §950.

  24. Defendant's denial of SWF's application was arbitrary, capricious and an abuse of discretion in violation of the APA, 5 U.S.C. § 501 *et seq*. and violated SWF's First Amendment rights.

  25. Defendant's interpretation of the regulations was similarly arbitrary, capricious and an abuse of discretion in violation of the APA, 5 U.S.C. § 501 *et seq*. and violated SWF's First Amendment rights.

### Request for Relief

  26. Wherefore, premises considered, plaintiff respectfully requests the following relief:

    A. A temporary restraining order preventing defendant from excluding SWF from the 2006 CFC pending a hearing on the merits by this court;

    B. A preliminary injunction, in the nature of mandamus, requiring defendant to include SWF in the 2006 CFC;

C.  A permanent injunction, in the nature of mandamus, requiring defendant to include SWF in the 2006 CFC;

D.  A declaratory judgment that defendant erred in denying SWF's application for inclusion in the 2006 CFC and that defendant acted arbitrarily and capriciously in violation of the APA;

E.  Such other and further relief and remedies as may be proper and serve the interests of justice; and

F.  An award in such monetary amount as may reimburse plaintiffs for the legal fees and costs incurred by plaintiff as a result of defendant's actions and omissions, as set forth herein.

Respectfully submitted,

Sturge-Weber Foundation
By Counsel

 /s/_____
Bernard J. DiMuro, Esq. (D.C. Bar #929406)
DIMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, Virginia 22314
(703) 684-4333
(703) 548-3181 (facsimile)

Noland MacKenzie Canter, III (D.C. Bar #93616)
Mark J. Diskin (D.C. Bar #334086)
Copilevitz & Canter, LLC
1900 L Street, N.W., Suite 215
Washington, D.C. 20036

*Counsel for Plaintiff*

**VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

10

July ___, 2006.

By:    /s/_____
       Title: